## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**DONNIE LEWIS WARE JR.**                                                                       **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 1:21-CV-P2-GNS**

**CAPTAIN IRENA ASAKOBA** *et al.*                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow one claim to proceed.

### I.

Plaintiff is incarcerated at the Warren County Regional Jail (WCRJ). He brings this action against WCRJ Captain Irena Asakoba, WCRJ Jailer Steven Harmon, Nurse Janna Marples, and "Southern Health Departments." Plaintiff sues the three individual Defendants in both their official and individual capacities.

Plaintiff makes the following allegations:

> I [] came to jail on 10-20-20. I've always had high blood pressure and the jail has already knew that. Well 11-8-20 I started having really bad headaches along with major chest pain, a fever and it was very hard to breathe. They finally came a checked it when I finally kept pressing the emergency button. My blood pressure was very high along with my pulse and I had a fever. My chest was hurting so bad I couldn't breathe. I told [Defendant] Azakoba I wanted to go to the emergency room and she told me there was nothing wrong with me enough to go to the emergency room. Everytime on 3rd shift [Defendant] Azakoba would tell me the same thing and put me in medical observation. . . . Well I ended up having covid 19 that I suffered with for a month until they finally did something about it. They moved me to a small medical observation cell on 12-6-20. . . . I could've died in here from covid-19 because [Defendant] Azakoba didn't believe anything I told her and I had to suffer and hurt for a month with covid-19.

Plaintiff also alleges that when he requested the x-rays that had been taken of his neck while he was incarcerated at WCRJ, Defendants Harmon and Marples told him that they could not release his medical records or x-rays to him and that he would have to get them from "corporate."

Plaintiff also alleges that Defendants Harmon and Marples failed to respond to grievances he filed concerning these issues.

As relief, Plaintiff seeks damages and injunctive relief in the form of the termination of employment of Defendants Azakoba and Marples.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims and Defendant SHP

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Plaintiff identifies Defendants Azakoba, Harmon, and Marples as employees of the WCRJ. Thus, Plaintiff's official-capacity claims against them are actually against Warren County.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Plaintiff also sues "Southern Health Departments." The Court construes this claim as brought against Southern Health Partners (SHP) since it is an entity which contracts with county jails to provide medical services to inmates. The same analysis that applies to municipalities applies to private entities which have contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Warren County or "Southern Health Departments." Thus, the Court will dismiss Plaintiff's official-capacity claims against Defendants Harmon, Azakoba, and Marples, as well as any claim against "Southern Health Departments," for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

### 1. Defendant Azakoba

Based upon Plaintiff's allegations, <u>the Court will allow a Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant Azakoba in her individual capacity.</u> In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### 2. Defendants Harmon and Marples

Plaintiff alleges that Defendants Harmon and Marples informed him that they could not provide him with copies of his medical records or certain x-rays that were apparently taken of Plaintiff's neck while he was incarcerated at WCRJ. This allegation fails to state a claim upon which relief may be granted because a prisoner "has no constitutional right to review or obtain copies of his prison medical records." *Blanton v. Blue*, No. 4:16CV-P10-JHM, 2016 U.S. Dist. LEXIS 63893, at *8 (W.D. Ky. May 14, 2016); *see also Moore v. Chapedelaine*, No. 3:15-cv-775 (VAB), 2015 U.S. Dist. LEXIS 92899, at *6 (D. Conn. July 15, 2015) (holding that prisoner's complaint that he was denied access to prison medical records "cannot amount to a constitutional violation"); *Martikean v. United States*, No. 3:11-CV-1774-M-BH, 2012 U.S. Dist. LEXIS 77034, at *10 (N.D. Tex. Apr. 6, 2012) (finding that "there is no *constitutional* requirement that an inmate be given the right to review or obtain his prison medical records") (emphasis in original); *Ball v. Famiglio*, No. 1:CV-08-0700, 2011 U.S. Dist. LEXIS 34587, *27-28 (M.D. Pa. Mar. 31, 2011) ("While inmates have a constitutional right to access to medical care, . . . there is no authority for a [constitutional] right to review medical records.").

Similarly, Plaintiff's allegation that Defendants Harmon and Marples did not respond to grievances he filed fails to state a claim because there is "no constitutionally protected due

process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, the "'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

For these reasons, the Court will dismiss Plaintiff's individual-capacity claims against Defendants Harmon and Marples for failure to state a claim upon which relief may be granted.

### C. Injunctive Relief

Finally, the Court turns to Plaintiff's request that the Court grant injunctive relief in the form of ordering that Defendants Azakoba and Marples be "relieved of their positions." This claim fails because the Court does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Nation v. Jordan*, No. 5:20-CV-P182-TBR, 2021 U.S. Dist. LEXIS 77109, at *3-4 (W.D. Ky. Apr. 22, 2021) (holding that the court lacked authority to grant injunctive relief in the form of terminating the defendant from his employment); *Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *Leek v. Thomas*, No. 09-3036-SAC, 2009 U.S. Dist. LEXIS 39406, at *9 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority

of this court and therefore are not proper requests for relief in this action.").

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against "Southern Health Departments," his official-capacity claims against Defendants Azakoba, Harmon, and Marples, and his individual-capacity claims against Defendants Harmon and Marples are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Steven Harmon, Janna Marples, and "Southern Health Departments" as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the claim it has allowed to proceed.

Date: May 28, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4416.011